BARRY E. HINKLE, Bar No. 071223
CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 227227
KRISTINA M. ZINNEN, Bar No. 245346
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA, <br><br> Plaintiffs, <br><br> v. <br><br> GEOTECH CONSTRUCTION, INC., a California Corporation, <br><br> Defendant. | No.   C 07-04783 BZ <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** <br><br> Date: July 16, 2008 <br> Time: 10:00 a.m. <br> Courtroom: G, 15th Floor <br><br> **Honorable Bernard Zimmerman** |

## I.   INTRODUCTION AND RELEVANT FACTS.

On November 21, 2000, Defendant, Geotech Construction, Inc. (hereinafter "Defendant"), executed a written Memorandum Agreement with the Northern California Laborers District Council (hereinafter referred to as the "Collective Bargaining Agreement"). The Collective Bargaining Agreement incorporates the terms of the Laborers Master Agreement (hereinafter "Master Agreement") and the Trust Agreements which govern each of the Trust Funds (hereinafter the Master Agreement and Trust Fund Agreements when collectively referred to will be called the

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04783 BZ

"Agreements").  Declaration of Michelle Lauziere in Support of Motion for Default Judgment ("Lauziere Decl.") ¶6, Exhibits A through E.

The Agreements require signatory employers to make timely contributions into the above-captioned Trust Funds at a specified rate for each hour worked by, or paid to, all employees performing work covered under the Master Agreement.  The Agreements also require employers to report the number of covered hours worked by, or paid to, each of their employees performing covered work by submitting Employer Reports of Contributions, along with the amounts owed pursuant to the Reports, to the Laborers Trust Funds.  Lauziere Decl. ¶8.  Liquidated damages are assessed at a flat fee of $150.00 per month along with 1.5% per month of interest on all unpaid contributions.  Lauziere Decl. ¶8.

The Agreements provide for an audit of the books and records of signatory employers so that the Laborers Trust Funds may determine if the employer is making full and prompt payment of required contributions.  Section 7 of the Master Agreement provides that "Each Individual Employer, upon request of any Trust Fund specified in this Agreement, shall permit a Trust Fund Auditor to review any and all records relevant to the enforcement of the provisions of this Agreement pertaining to the Trust Funds."  Defendants have refused to submit to an audit, as requested by the Trust Funds.  Lauziere Decl. ¶¶11-12.

Plaintiffs wish for Defendant to submit to an audit to determine whether its employees performed covered work under the Collective Bargaining Agreement for which contributions are owed to the Trust Funds.  Despite requests, Defendant has failed to submit to an audit of their books and records.  Lauziere Decl. ¶12.

Furthermore, Defendant owes attorneys' fees and costs, as the Agreements provide for the recovery of attorneys' fees and costs in an action to recover a delinquent balance due.  Lauziere Decl. ¶13.  The Trust Funds have incurred attorney's fees and costs in bringing this action.  The estimated total attorneys' fees is $5,947.50.  Lauziere Decl. ¶12 & Declaration of Kristina M. Zinnen in Support of Motion for Default Judgment ("Zinnen Decl.") ¶10.

In light of the unpaid known liability owed by Defendants to the Trust Funds and its failure

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 2 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04783 BZ

and/or refusal to submit to an audit, on September 17, 2007, the Trust Funds filed suit to obtain an injunction for an audit.

Service on Defendant was deemed complete on December 31, 2007, but Defendant did not respond to the Complaint. Consequently, at the request of the Plaintiffs, the Clerk entered default against Defendant on February 13, 2008.

## II.   RELIEF REQUESTED.

The Trust Funds respectfully request that the Court enter a default judgment in favor of the Trust Funds in which it is ordered that: (1) Defendant pay the Plaintiffs' attorney's fees and costs relating to this action in the amount of $6,356.00; (2) an injunction is issued from this Court compelling Defendant to forthwith submit to an audit by auditors selected by the Trust Funds, covering the time period beginning October 1, 2003 to the present date, at premises of the Defendant, or location where the records are kept, during business hours, at a reasonable time or times, and to allow said auditors to examine and copy such books, records, papers, reports of Defendant relevant to the enforcement of the collective bargaining agreement or the Trust Agreements, including, but not limited to, the following:

> Individual earning records (compensation); W-2 forms; 1096 and 1099 forms; reporting forms for all Trust Funds; State DE-3 tax reports; workers compensation insurance report; employee time cards; payroll journal; quarterly payroll tax returns (form 941); check register and supporting cash voucher; Form 1120- 1040 or partnership tax returns; general ledger - (portion relating to payroll audit);

(3) that an accounting be had between Plaintiffs and Defendant; and (4) that upon completion of the accounting, the Judgment entered by the Court that may be amended by the Plaintiffs to incorporate the outstanding sums ascertained from the audit to be due from Defendant, as well as liquidated damages and interest on said sums.

## III.   MEMORANDUM OF POINTS AND AUTHORITIES.

**A.    ISSUES TO BE DECIDED**

The Court must decide the following issues:

1.     Must the Court order Defendants to produce the documents necessary for the Trust

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 3 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04783 BZ

Funds to complete their audit, since the Trust Agreements require it to submit to the audit?

2.  Are the Trust Funds entitled to attorneys' fees and costs related to this matter in the amount of $6,356.00, pursuant to the terms of the Agreements and ERISA section 502(g)(2).

## B.  ARGUMENT

### 1.  The Trust Funds Have A Right To Compel The Audit At Issue.

The Master Agreement gives the Trust Funds the right to conduct an audit Defendants' books and records.  Section 7 of the Master Agreement specifically provides that "Each Individual Employer, upon request of any Trust Fund specified in this Agreement, shall permit a Trust Fund Auditor to review any and all records relevant to the enforcement of the provisions of this Agreement pertaining to the Trust Funds." Lauziere Declaration, ¶11.

Where a collective bargaining agreement, as here, gives Trustees of an employee benefit plan the right to audit an employer's books and records, it will be enforced. Central States Southeast and Southwest Areas Pension Fund v. Central Transport Inc., 472 US 559 (1985) Reh'g denied 473 U.S. 926 (1985); Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp, 920 F.2d 1491 (9th Cir. 1990), cert. denied, 501 U.S. 1232 (1991).

### 2.  The Laborers Trust Funds Are Entitled To Their Attorneys' Fees and costs.

The governing Trust Agreements and Master Agreement (which is incorporated by reference into the Collective Bargaining Agreement) provide that if an employer is delinquent in making fringe benefit contributions and legal consultation is sought by the Board of Trustees, reasonable attorneys' fees, court costs, and all other expenses incurred in enforcing collection will be paid by the delinquent employer.  Lauziere Decl. ¶¶13.  Because courts generally award attorneys' fees based on such contractual authorization, the Defendant should be liable for the reasonable cost of attorneys' fees and costs incurred by the Trust Funds in seeking to collect the delinquencies.   See Kemner v. District Council of Painting and Allied Trades No. 36, 768 F.2d 1115, 1120 (9th Cir. 1985).  Moreover, the Trust Funds are entitled to a mandatory award of attorneys' fees under ERISA §502(g)(2).

Plaintiffs referred the matter to the Trust Funds' counsel, Weinberg, Roger & Rosenfeld for

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 4 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04783 BZ

1  suit. A Declaration specifically documenting the time spent by the Trust Funds counsel is provided

2  herewith. The total amount of attorneys' fees and costs expanded to date in this case is $6,356.00.

3      **3.    Default judgment is proper in this case, as defendant has not appeared.**

4  Under Rule 55(b)(2) of the Federal Rules of Civil Procedures (F.R.C.P.), Default Judgment

5  is proper against a defendant who does not appear where the claim is for a sum certain or one that

6  can be made certain by computation. Combs v. Col & Mineral Mgmt. Serv., Inc., (Dist. Ct. DC

7  1984) 105 F.R.D 472, 474). Service on Defendant was deemed complete on December 31, 2007.

8  Thus, Defendant was timely served with the complaint, but failed to answer the complaint. On

9  February 13, 2008 the Clerk entered default against Defendant.

10  Defendants promised to contribute and pay to Plaintiffs the hourly amounts required by

11  said Agreements for each hour paid for or worked by any of their employees who performed any

12  work covered by said Agreements, and that it would be subject to and bound by all of the terms,

13  provisions and conditions of the Trust Agreements as incorporated by the terms of the Master

14  Agreement, including audit entry. Pursuant to these Agreements, Plaintiffs' Motion for Default

15  Judgment requests entry of judgment in their favor for audit entry and attorneys' fees and costs.

16  Plaintiffs also request that the Court maintain jurisdiction over this action to enforce the Order

17  compelling an audit and payment of all amounts found due and owing. Accordingly, Plaintiffs

18  request that Judgment be entered in their favor according to the terms of the Agreements.

## IV.  CONCLUSION

For the reasons stated above, Plaintiffs request that the Court enter judgment in their favor requiring Defendants to submit to an audit awarding the Plaintiffs their attorneys' fees and costs.

Dated: April 16, 2008

        WEINBERG, ROGER & ROSENFELD
        A Professional Corporation

        By:    /s/
            KRISTINA M. ZINNEN

115854/490497

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 5 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04783 BZ