UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>GEOTECH CONSTRUCTION, INC., a California Corporation, <br><br>　　　　Defendant. | No. C07-4783 BZ <br><br>**REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

　　　Before me is plaintiffs' motion for entry of default judgment against defendant Geotech Construction, Inc. ("Geotech"). Geotech has never appeared in this action and did not respond to plaintiffs' motion. As Geotech has not consented to my jurisdiction, I will have the case reassigned. The following is a report and recommendation for entry of default judgment.

　　　On September 17, 2007, plaintiffs filed a complaint under § 301 of the Labor Management Relations Act of 1947 ("LMRA"),

1

29 U.S.C. § 185(a), and § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132.  The complaint alleges that Geotech violated a collective bargaining agreement that required Geotech to make regular contributions and to submit reports of its employees' work hours to the Laborers Health and Welfare Trust Fund for Northern California, the Laborers Vacation-Holiday Trust Fund for Northern California, the Laborers Pension Trust Fund for Northern California, and the Laborers Training and Retraining Trust Fund for Northern California (collectively, "Trust Funds"), which plaintiffs administer.  Compl. ¶¶ 4, 8-9.  The complaint seeks actual damages "according to proof" for all contributions due and owing based upon unaudited reporting forms, liquidated damages provided for by the contract, interest at the legal rate, plus attorneys fees and costs.  The complaint also requests an audit of Geotech's books and records.

Plaintiffs effected service of process on December 31, 2007.  Geotech failed to answer the complaint or otherwise defend the action.  On February 13, 2008, upon plaintiffs' request, the clerk of this court entered Geotech's default under Rule 55(a).  By its default, Geotech is deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages.  See Fed. R. Civ. P. 8(d).

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service.  See Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521.  Geotech, as a corporation, is not subject to

these limitations.

Pursuant to Rule 55(b)(2), the court may enter a default judgment against a party against whom default has been entered. The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the Court. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). A formal hearing is not required for a court to render a default judgment. <u>Davis v. Fendler</u>, 650 F.2d 1154 (9th Cir. 1981).

Section 1132(g) of ERISA provides that in an action to enforce payment of delinquent contributions:

> the court shall award the plan –
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
>   (I) interest on the unpaid contributions, or
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent. . . of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs.

29 U.S.C. § 1132(g)(2). An award under section 1132(g)(2) is mandatory if: (1) the employer is delinquent at the time the action is filed; (2) the district court has entered a judgment against the employer; and (3) the plan provides for such an award. <u>Northwest Adm'rs, Inc. v. Albertson's, Inc.</u>, 104 F.3d 253, 257 (9th Cir. 1996) (citing <u>Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mechanical Contractors</u>, Inc., 875 F.2d 212, 215-16 (9th Cir. 1989)).

Along with their motion for default judgment, plaintiffs submitted the declaration of Kristina M. Zinnen ("Zinnen Decl."), plaintiffs' counsel, that listed the amounts of attorney fees and costs associated with this litigation.

3

1    See Declaration of Kristina M. Zinnen in Supp. of Mot. for
2    Default J. filed on April 16, 2008.  Plaintiffs also submitted
3    a declaration by Michelle Lauziere ("Lauziere Decl."),
4    Assistant Manager of Accounts Receivable for Plaintiffs'
5    Laborers Funds Administrative Office of Northern California,
6    Inc.  The Lauziere Decl. documents Geotech's failures to
7    comply with terms of the Agreements.  See Declaration of
8    Michelle Lauziere in Supp. of Mot. For Default J.  Plaintiffs
9    have satisfied the statutory requirements and are entitled to
10   relief.  However they claim they cannot determine the amount
11   of their damages until after they have conducted an audit.

12        Plaintiffs seek an injunction compelling Geotech to
13   submit to an audit of its books, records, papers and reports.
14   Based on the declarations submitted by plaintiffs, Geotech's
15   refusal to submit to an audit is a violation of section 7 of
16   the Laborers' Master Agreement.  Lauziere Decl. at ¶¶ 11-12.
17   Where a collective bargaining agreement grants the right to
18   audit the employer's books, that right shall be enforced.
19   Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp.,
20   Inc., 472 U.S. 559, 581 (1985).  I therefore recommend that
21   Geotech be required to submit to an audit under the conditions
22   expressed in the Laborers' Master Agreement.

23        Plaintiffs also request an order that defendant pay as
24   damages all amounts found due and owing by the audit; as well
25   as liquidated damages and interest based on the unknown amount
26   of damages.  The plaintiffs in Bay Area Painters & Tapers v.
27   Brown asked for similar damages prior to completion of an
28   audit to determine the amount of unpaid contributions.  No.

4

C06-07509 WHA, 2007 WL 1302982, at *4-5 (N.D. Cal. May 3, 2007).  In that case, Judge Alsup characterized plaintiffs' request as asking for a "blank check" with "the Court's permission to fill in the amount of that 'check' when they later determine the contributions due." Id. at *5.  Plaintiffs in that case, and in the present case, offered no support for such a speculative award.  Id.  For these reasons, I recommend plaintiffs' motion for default judgment on the issue of actual damages, liquidated damages and interest be denied without prejudice.

Plaintiffs also seek $5,947.50 in attorneys' fees and $409.90 in costs.  Reasonable attorneys' fees and costs of the action may be awarded to a Trust Fund that receives a judgment in its favor.  See 29 U.S.C. 1132(g)(2)(D).  Zinnen calculates that through April 15, 2008, attorneys with the law firm of Weinberg, Roger & Rosenfeld ("the Law Firm") spent 3.5 hours prosecuting this action at rate of $225.00 per hour and 15.25 hours prosecuting this action at a rate of $250.00 per hour. See Zinnen Decl. ¶¶ 4-7.  Zinnen also states that Eleanor Natwick, a paralegal with the Law Firm, spent 3.0 hours performing work on this case at $95.00 per hour, and 0.5 hours performing work on this case at $125.00 per hour.  Id. at ¶¶ 8-9.  This time primarily consisted of reviewing plaintiffs' records and drafting the complaint, case management statement, this motion and the supporting declarations.  Id. at ¶¶ 4, 8. The rates charged are reasonable in relation to the work performed; the hours claimed are not.  Id. ; see Bay Area Painters v. Alta Specialty, No. C06-06996 MJJ, 2008 WL 114931,

5

1  at *6 (N.D. Cal. Jan. 10, 2008) (reducing attorneys' fees
2  awarded in straightforward ERISA case); Bay Area Painters and
3  Tapers v. Brown, No. C06-07509 WHA, 2007 WL 1302982, at *5
4  (N.D. Cal. May 3, 2007) (awarding $3,265.25 for fees and costs
5  in similar ERISA default judgment case).  Plaintiffs filed
6  what is essentially a boilerplate complaint.  Plaintiffs did
7  not explain why 6.5 hours by an associate and a paralegal were
8  necessary for a routine filing.  I recommend deducting 0.5
9  hours at $225.00, 1.0 hour at $250.00 and 3.0 hours at $95.00
10 from the time claimed for drafting the complaint.  Nor does
11 3.5 hours to draft a boilerplate case management statement
12 seem reasonable.  The case was proceeding by default, and the
13 plaintiffs would seek to continue the conference.  I recommend
14 deducting 2.0 hours at $250.00 from the time claimed for
15 preparing the statement.  Moreover, a portion of the default
16 papers were spent seeking damages, a claim I recommend
17 denying.  I therefore recommend that 1.0 hour at $250.00 also
18 be deducted.  Finally, plaintiffs also seek $1000.00 in
19 estimated attorneys' fees for work not yet billed to the
20 client.  Id. at ¶ 10.  Plaintiff does not state the nature of
21 the unbilled work and I do not recommend its award.  I
22 therefore recommend that plaintiffs' request for $5,947.50 in
23 attorneys' fees be reduced to $3,675.00.  Plaintiffs also
24 incurred $409.50 in costs primarily consisting of filing fees
25 and costs associated with service of documents.  See id. ¶¶
26 11-12.  Plaintiffs' request for $409.50 in costs is reasonable
27 and should be awarded.
28      For the foregoing reasons, I recommend that judgment be

6

1  entered in plaintiffs' favor against Geotech for an injunction
2  compelling Geotech to submit to an audit under the conditions
3  expressed in the Laborers' Master Agreement and a total award
4  of $4,084.50.  This amount includes: $3,675.00 in attorneys'
5  fees and $409.50 in costs.  I recommend that plaintiffs'
6  motion for default judgment with respect to actual damages,
7  liquidated damages and interest be denied without prejudice.
8  Dated:  July 18, 2008

                                            Bernard Zimmerman
                                 United States Magistrate Judge

G:\BZALL\-BZCASES\BD OF TRUSTEES V. GEOTECH\REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT.wpd